BIGELOW, P. J., Dissenting.
I respectfully dissent.
*370 I would dismiss A.L.’s appeal for the following reasons. First, I do not believe the dependency court’s order overruling AJL.’s objection to the presence of the Los Angeles Times (The Times) in the courtroom during the dependency proceedings is itself an appealable order. A party’s right to appeal is completely a creature of statute. (Melinda K. v. Superior Court (2004) 116 Cal.App.4th 1147, 1152 [11 Cal.Rptr.3d 129] (Melinda K.).) Appeals in dependency proceedings are governed by section 395 of the Welfare and Institutions Code.[1] Under section 395, a judgment in a dependency proceeding may be appealed in “the same manner as a final judgment.” The dispositional order in a dependency proceeding constitutes an appealable judgment in the proceeding. (Melinda K., supra, 116 Cal.App.4th at p. 1153.) Thus, the first hearing from which an appeal can be taken in a dependency proceeding under section 395 is the dispositional hearing. (In re Meranda P. (1997) 56 Cal.App.4th 1143, 1150 [65 Cal.Rptr.2d 913].) Orders rendered prior to the dispositional order which are not appealable orders include jurisdictional orders (see, e.g., In re Candida S. (1992) 7 Cal.App.4th 1240, 1249 [9 Cal.Rptr.2d 521]) and predisposition orders that reasonable services had been provided. (See, e.g., Melinda K., supra, 116 Cal.App.4th at pp. 1152-1156.) The order at issue in A.L.’s current case is a predispostional order of this same nature and is not appealable under section 395.
Further, the order may not be viewed as a final order on a collateral matter as the Los Angeles Times has argued in its submissions to our court. In Sjoberg v. Hastorf (1948) 33 Cal.2d 116 [199 P.2d 668] (Sjoberg), the Supreme Court explained the circumstances in which an order may be considered an order on a collateral matter for purposes of appealability: “It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against [appellant].” (Id. at p. 119, italics added.)[2] The dependency court issued no *371 such order here. Instead, a party to the proceeding, A.L., raised an objection to one aspect of how the proceedings were being conducted, namely, the presence of the press in the courtroom, which the court overruled. It was not an order requiring A.L. to pay money or act or refrain from acting in any way. (See Ponce-Bran v. Trustees of Cal. State University (1996) 48 Cal.App.4th 1656, 1662 [56 Cal.Rptr.2d 358].) As a result, the dependency court’s order overruling A.L.’s objection constituted an interim nonappealable order by a party.[3]
I disagree with The Times’ argument, based on cases such as In re Marriage of Lechowick (1998) 65 Cal.App.4th 1406, 1410-1411 [77 Cal.Rptr.2d 395] (Lechowick) and In re Keisha T. (1995) 38 Cal.App.4th 220, 229 [44 Cal.Rptr.2d 822] (Keisha T.), that the dependency court’s March 2012 order is a final order on a collateral matter. In Lechowick and Keisha T., nonparty journalists initiated “special proceedings” within the framework of pending court proceedings, by submitting written applications to gain access to the court files in those pending proceedings. The appellants in Lechowick and Keisha T. were the journalists whose special proceeding applications were denied. In that context, the Court of Appeal ruled that the final orders on the journalists’ special proceeding applications were final orders on collateral matters. Here, The Times did not initiate a special proceeding on a collateral matter within the framework of a pending proceeding, nor is The Times appealing an order on such a special proceeding. As explained above, here we have a dependency court’s order overruling a party’s objection to the conduct of a proceeding. I would not find this to be a final order on a collateral matter.
But even assuming the dependency court’s March 2012 order was an appealable order, our court would not have jurisdiction to entertain A.L.’s appeal because she filed her notice of appeal too late. Under California Rules of Court, rule 8.406(a)(1), a notice of appeal in a dependency proceeding must be filed within 60 days after “the making of the order being appealed.” In other words, upon the making of an appealable order or judgment in a dependency proceeding, a 60-day deadline to appeal begins to run. Further, if a party fails to appeal an appealable order or judgment within the prescribed time, a reviewing court does not have jurisdiction to review the order or judgment, and the time to appeal is not restarted or extended by a subsequent appealable order or judgment. (See Melinda K, supra, 116 Cal.App.4th at p. 1156.) Here, the dependency court overruled A.L.’s objection in March *372 2012, and A.L. did not file her notice of appeal until June 2012, after the 60-day period for filing an appeal had expired.
Finally, I would find the dependency court’s nonappealable March 2012 order is not reviewable in the context of A.L.’s current appeal. A.L. filed a timely notice of appeal in June 2012, following entry of an appealable judgment, namely, the dependency court’s May 2012 dispositional orders. (§ 395; Melinda K., supra, 116 Cal.App.4th at p. 1153.) A.L.’s notice of appeal filed in June 2012 cites the dependency court’s order issued in March 2012, but also included language referencing the dispositional orders issued in May 2012. Under the rule requiring liberal construction of a notice of appeal (see Cal. Rules of Court, rule 8.100(a)(2)), I would find A.L. perfected an appeal from an appealable judgment. However, the question remains whether we may on appeal review the dependency court’s interim, predispositional, nonappealable order overruling A.L.’s objection to the presence of the Los Angeles Times in the courtroom during the dependency court proceeding.
Section 395 reads: “A judgment in a proceeding under section 300 may be appealed in the same manner as any final judgment. . . .” As noted above, the order entered at a dispositional hearing is considered a final judgment. (In re Daniel K. (1998) 61 Cal.App.4th 661, 667 [71 Cal.Rptr.2d 764].) Code of Civil Procedure section 906 generally provides what may be reviewed in an appeal from a final judgment. It provides that a reviewing court “may review the verdict or decision and any intermediate ruling, proceeding, order or decision which [(!)] involves the merits or [(2)] necessarily affects the judgment or order appealed from or [(3)] which substantially affects the rights of a party . . . .” (Italics added.) This standard applies in dependency cases. (In re Brittany S. (1993) 17 Cal.App.4th 1399, 1404 [22 Cal.Rptr.2d 50].)
I would not address the dependency court’s order overruling AJL.’s objection to the presence of the press in the context of A.L.’s current appeal because the order does not substantially affect A.L.’s rights vis-a-vis the dependency court’s judgment. A judgment in a disposition hearing determines whether the child should be declared a dependent child. (In re Heather B. (1992) 9 Cal.App.4th 535, 543-544 [11 Cal.Rptr.2d 891].) Nothing in the record on appeal supports a conclusion that the dependency court’s order overruling A.L.’s objection to the presence of the press had any effect on the disposition. A.L. does not ask that the court’s dispositional orders be reversed or modified in any manner. A trial court’s decision to overrule an objection is simply not reviewable on appeal when the ultimate judgment is not contested by any party.
*373 In re Castro (1966) 243 Cal.App.2d 402 [52 Cal.Rptr. 469] is instructive. There, a juvenile was declared a ward of the court on the basis of two counts of arson. (Id. at p. 404.) He appealed, raising issues regarding the admissibility of his confession. As to his contention that he should have been granted bail pending the delinquency hearing, the court stated, “it is to be noted that the suggestion of the appellant that this . . . should be considered on this appeal is not well taken; for, if at this stage, we should conclude . . . that the court should have released custody of the minor to his parents during the pendency of the action, such a finding would not properly be a ground for reversing the judgment. A question of this kind should be raised, if at all, by a writ of habeas corpus or other appropriate writ before judgment at the time of the court’s refusal to release the minor.” (Id. at p. 412.)
To find the issue raised by A.L. reviewable on appeal, the majority broadly construes the language in Code of Civil Procedure section 906 “which substantially affects the rights of a party,” reasoning that A.L. had a “substantive right” (maj. opn., ante, at p. 362) to closed hearings in the dependency court. I would not read the phrase “which substantially affects the rights of a party” as broadly as the majority.
As explained in Lopez v. Brown (2013) 217 Cal.App.4th 1114 [159 Cal.Rptr.3d 86] (Lopez), Code of Civil Procedure section 906 allows for review of an interim, nonappealable order that “substantially affects the rights of a party,” on appeal from a final judgment or appealable order. (Lopez, supra, at pp. 1132-1134, italics omitted.) But section 906 “does not apply to interim orders that are unrelated to the appealable judgment or order from which an appeal is taken.” (Lopez, at pp. 1133-1134.) “ ‘The clear import of [section 906] is to allow an appellate court to review rulings, orders, or other decisions that led up to, or directly related to, the judgment or order being appealed to the extent they substantially affected the rights of one of the parties to the appeal.’ ” (Id. at p. 1135, quoting Cahill v. San Diego Gas & Electric Co. (2011) 194 Cal.App.4th 939, 946-948 [124 Cal.Rptr.3d 78] (Cahill).) “ ‘Therefore, nonappealable orders or other decisions substantively and/or procedurally collateral to, and not directly related to, the judgment or order being appealed are not reviewable pursuant to section 906 even though they literally may “substantially affect[]” one of the parties to the appeal.’ ” (Lopez, at p. 1135.) I agree with the Lopez and Cahill courts that a contrary interpretation “ ‘could allow one party to the direct appeal to, in colloquial terms, “open the floodgates” and bring into the appeal all sorts of collateral or other unrelated intermediate decisions that do not affect the other party to the appeal or the appealed decision, thereby potentially increasing exponentially the issues to be addressed on appeal and the use of limited judicial resources *374 to decide those issues.’ ” (Lopez, supra, 217 Cal.App.4th at p. 1135, quoting Cahill, supra, 194 Cal.App.4th at p. 948.)
Insofar as the majority contends the latter two cases are distinguishable because they did not involve final judgments, this is both factually incorrect and also inconsequential. It is the principle that appellate review is not available unless the order substantially affects the rights of the parties as it relates to the judgment being appealed, not the procedural posture of the case, which is significant. The majority’s construction of what is reviewable on appeal has the potential for mischief in that it opens a door for our state’s appellate courts to review interim orders unrelated to judgments. This is not the role of an appellate court; appellate courts review the correctness of judgments.[4]
This does not, as the majority asserts, leave a party without means of challenging an order overruling an objection to the manner in which a dependency court proceeding is being conducted. (Maj. opn., ante, at p. 362, fn. 4.) Such an order may be challenged by a petition for writ of mandate. The majority finds it “perplexing” that I assert the trial court’s order may be challenged by writ since “writ review was sought and denied” in this case. (Maj. opn., ante, at p. 361, fn. 3.) It is true that our court summarily denied a writ of mandate filed by A.L. on this subject. But a summary denial does not mean we denied review because we found A.L. had an adequate remedy by means of appeal. Our order did not cite a case indicating we were denying the writ on that basis. (See, e.g., Sutco Construction Co. v. Modesto High School Dist. (1989) 208 Cal.App.3d 1220, 1226 [256 Cal.Rptr. 671].) A summary denial may issue for many reasons. (Kowis v. Howard (1992) 3 Cal.4th 888, 899 [12 Cal.Rptr.2d 728, 838 R2d 250].) It does not necessarily mean the merits of the petition were not considered; it merely relieves the court of the requirement of issuing a written opinion. (See, e.g., James B. v. Superior Court (1995) 35 Cal.App.4th 1014, 1018, fn. 3 [41 Cal.Rptr.2d 762] [“We hasten to dispel the bar’s common misconception that a summary denial of a writ petition suggests summary consideration. The Courts of Appeal review and evaluate the hundreds of petitions filed each year in each appellate district. The merits of these petitions are fully examined. Sheer volume prohibits a written decision in every case, and one is not required.”].) Further, a ruling on an objection to the conduct of a dependency proceeding may also be challenged on appeal, provided it is claimed that the ruling affected the judgment.
*375 For the reasons discussed above, I would find A.L.’s challenge here is not reviewable on appeal because it does not substantially affect her rights related to the judgment.
I would dismiss the appeal.[5]
The petition of Los Angeles Times Communications LLC for review by the Supreme Court was denied June 18, 2014, S217779.

 All further section references are to the Welfare and Institutions Code unless otherwise specified.

 In Lester v. Lennane (2000) 84 Cal.App.4th 536, 561-562 [101 Cal.Rptr.2d 86] (Lester), the appellate court concluded that some cases have incorrectly interpreted a subsequent California Supreme Court case, Meehan v. Hopps (1955) 45 Cal.2d 213 [288 P.2d 267] (Meehan), as changing the Sjoberg rule to allow interlocutory orders to be appealed despite the failure to direct the payment of money or the performance of an act. We agree with Lester that the “. .. Sjoberg rule remains the law of California, notwithstanding Meehan. (Conservatorship of Rich [(1996) 46 Cal.App.4th 1233,] 1236-1237 [54 Cal.Rptr.2d 459]; Efron v. Kalmanovitz [(I960) 185 Cal.App.2d 149,] 155 [8 Cal.Rptr. 107] [explaining that order in Meehan was appealable by statute because it denied injunctive relief (Code Civ. Proc., § 904.1, subd. (a)(6)) and pointing out that the Meehan court showed no intent to overrule Sjoberg).)” (Lester, supra, at p. 562, fn. omitted; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) H[ 2:78 to 2:79, pp. 2-46 to 2-48 (rev. # 1, 2012) [indicating the contrary view is the minority view and that many of the cases that follow the contrary rule cite to “mixed messages from the California Supreme Court” on the issue].)

 This appeal does not arise from an action commenced to challenge the propriety of the blanket order concerning the press issued by the dependency court’s presiding judge. (Maj. opn., ante, at p. 363.) A.L.’s appeal concerns a decision by one dependency court judge to allow the press to be present in the courtroom during the dependency proceedings.

 I would also note that Lopez involved the equivalent of a final judgment under the so-called “ ‘death knell’ ” exception, applicable upon the denial of class certification. {Lopez, supra, 217 Cal.App.4th at p. 1131.)

 I would also take judicial notice of the fact that jurisdiction was terminated on May 30, 2013, and find the case moot. “ ‘A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief. [Citation.]’ ” (Carson Citizens for Reform v. Kawagoe (2009) 178 Cal.App.4th 357, 364 [100 Cal.Rptr.3d 358].) The majority’s disposition of this case—preventing the press from attending subsequent dependency hearings in A.L.’s case—-is of no assistance to A.L. at this point.