[No. B168139. Second Dist., Div. Two. Mar. 16, 2004.]

MELINDA K., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Real Party in Interest.

1148

**COUNSEL**

Ellen L. Bacon, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Lloyd W. Pellman, County Counsel, and Stephanie Jo Farrell, Deputy County Counsel, for Real Party in Interest.

**OPINION**

**DOI TODD, J.**—In this juvenile dependency case, Melinda K. (mother) appeals from the court's finding at the six-month review hearing that reasonable reunification services had been provided. At the hearing, the court also ordered a continuation of reunification services to which mother had no objection. Because the juvenile court's order continuing reunification services was not adverse to mother's interest, we conclude that she is not an aggrieved party and that the finding of reasonable reunification services is not directly appealable. However, because we recognize that such a finding may have negative consequences at subsequent hearings, we also conclude that the finding may be reviewed on a petition for writ of mandate. We therefore treat mother's appeal as a writ proceeding, and in reaching the merits conclude that substantial evidence supports the juvenile court's finding and deny the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

The minor first came to the attention of the Department of Children and Family Services (the Department) in September 2002. She was nine years old and had been abandoned by her mother. The minor was living with her father's girlfriend (hereafter the caretaker) who reported the child's sexual abuse by her father and uncle. The minor was ordered detained by the juvenile court, and her father and uncle were arrested for the sexual abuse.

At the detention hearing in early October, the court ordered that the minor receive counseling. She was placed with the caretaker shortly after the

detention hearing. The Department was able to locate the mother, who appeared in court on October 30, 2002. She received appointed counsel at that time.

At the jurisdiction/disposition hearing on January 23, 2003, the juvenile court declared the minor a dependent of the court. The court ordered that she continue to be placed with the caretaker, that family reunification services be provided for both parents, and that the minor participate in individual counseling to address sexual abuse and abandonment issues. The court learned that the minor was on a waiting list for counseling, and that the caretaker planned to enroll the child in her health plan. The court also ordered that the minor and her mother participate in conjoint counseling when the minor's therapist determined it to be appropriate. Mother was ordered to participate in parenting classes and individual counseling to address anger management. She was permitted weekly monitored visits, which the Department had discretion to liberalize. The juvenile court ordered the Department to assist in obtaining victim assistance funds so that the minor would not have to remain on a waiting list for counseling.

On June 2, 2003, at the first six-month review hearing, the Department reported that mother was in compliance with her case plan: She had completed her parenting classes, continued weekly individual counseling, and was consistent in visiting her daughter. The social worker reported that he had just learned from the caretaker that the minor was not yet enrolled in individual counseling because the counseling center required a copy of the court order.

Counsel for mother then requested a contested hearing on the issue of the minor's counseling, which was a precondition to conjoint counseling. The hearing was set for June 23, 2003. In the interim, the minor met with a counselor who scheduled her for weekly individual therapy sessions. The Department also located a therapist to conduct the conjoint counseling, it increased mother's monitored visits from one hour per week to three hours per week, and recommended unmonitored and overnight and weekend visits.

At the contested hearing on June 23, 2003, the social worker testified that he had received the case in late February and was aware of the order for individual counseling for the minor. He learned in late April or early May that the prior social worker had asked the caretaker to enroll the minor in counseling, but that enrollment was not accomplished because the caretaker had not provided the appropriate court order to the counseling center. He faxed the necessary order to the center and made follow-up calls. He also arranged for conjoint counseling, which was to begin within the next 10 days.

At the conclusion of the social worker's testimony, mother's attorney requested that the court find that the Department had not provided reasonable reunification services and that the court order reunification services to be extended for five months, calculated as the period from disposition to the present. The court inquired: "So are you just asking for, in essence, another five months in addition to the family reunification services we are already recommending?" Counsel answered: "Yeah, I guess I am." The court denied the request. While acknowledging that there had been delays due to the caretaker's failure to get the minor into therapy, the court nevertheless found that the social worker "albeit late, finally picked up the ball and started running" to get the counseling sessions in place. The court therefore found that mother had been provided all of the reunification services that the Department had been ordered to provide at the disposition hearing.

The court further found that mother had fully complied with the case plan, but that returning the minor to mother's custody at that time would create a substantial risk of detriment to the child's safety, protection, physical or emotional well-being. The court ordered that mother have unmonitored visits, and gave the Department discretion to place the minor with mother "within the next reporting period if appropriate." The Department was also given discretion to allow overnight and weekend visits. The court ordered that individual and conjoint counseling continue. In addition, the court made a finding that there was "a substantial probability that the minor may be returned to her mother within the next six months," and set the matter for a 12-month review hearing in December 2003.

Mother appealed from the "order of the court dated June 23, 2003, finding that Petitioner D.C.F.S. has provided Mother and Minor with reasonable family reunification services since Dispositional orders were entered by the court on January 27, 2003." After the parties filed their briefs, the Department moved to dismiss the appeal on the ground that the court's finding that reasonable reunification services had been provided is not directly appealable.

## DISCUSSION

1. *The Juvenile Court's "Finding" That Reasonable Reunification Services Had Been Offered Is Not Directly Appealable; It Must Be Challenged by Way of a Petition for Writ of Mandate*

██ "[T]he scope of a party's right to appeal is completely a creature of statute." (*In re Daniel K.* (1998) 61 Cal.App.4th 661, 666 [71 Cal.Rptr.2d 764].) The Legislature has complete control over the right to appeal and may restrict, alter or even abolish that right. (*Ibid.*) To govern appeals in dependency proceedings, the Legislature has enacted Welfare and Institutions Code

section 395,[1] which provides: "A judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment . . . ." A dispositional order constitutes an appealable judgment. (*In re Daniel K.*, at p. 667; *Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 811 [41 Cal.Rptr.2d 731].) Thus, pursuant to section 395, the juvenile court's dispositional and following orders are directly appealable, with the exception of an order setting a selection and implementation hearing under section 366.26, which is reviewable only by petition for extraordinary writ. (§§ 366.26, subd. (l), 395; Cal. Rules of Court, rule 39.1B; *Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 259 [126 Cal.Rptr.2d 639]; *In re Cicely L.* (1994) 28 Cal.App.4th 1697, 1705 [34 Cal.Rptr.2d 345].)

■ Mother claims that her appeal is authorized by section 395. The question before us is whether section 395 authorizes an appeal of a "finding" contained within an order after judgment. We conclude that the language of section 395, which authorizes an appeal from an "order" after judgment, does not authorize an appeal from the isolated finding in this case that reasonable reunification services had been provided. (Compare § 395 [permitting appeal of an "order after judgment"] with Cal. Rules of Court, rule 39.1B(b) [permitting a writ challenging the juvenile court's "findings and orders"].) We also recognize, however, that the issues determined within an order after judgment may not be challenged after the time for appeal has passed. For this reason, we further hold that a juvenile court's finding contained within an otherwise unappealable order after judgment may be challenged by petition for writ of mandate. Our conclusion both fosters a substantive and meritorious review by the appellate court of all significant juvenile court findings and comports with " 'the strong public policy against protracted litigation in dependency cases.' " (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 261 [5 Cal.Rptr.3d 261].)

■ The juvenile court is required to make numerous specific findings throughout the dependency process. For example, when family reunification services have been ordered, the court is required expressly to make a finding at each subsequent hearing as to whether reasonable services have been provided during each review period. (§§ 366, subd. (a)(1)(B), 366.21, subds. (e) & (f), 366.22.) When the juvenile court makes a finding that reasonable services were provided, a parent or legal guardian may not be immediately impacted by that finding. Here, for example, mother was not aggrieved by the finding that reasonable reunification services were provided, given that services were continued for at least another six months and no negative consequence flowed from the reasonable services finding. We do not believe that section

---

[1] All further references will be to the Welfare and Institutions Code, unless otherwise indicated.

395 permits a party to appeal a finding in the absence of an adverse order resulting from that finding. Accordingly, we conclude that there is no right to appeal a finding that reasonable reunification services were provided to the parent or legal guardian unless the court takes adverse action based on that finding, because, in the absence of such action, there is no appealable order resulting from that finding.

It is important to note that mother does not challenge the nature or adequacy of the reunification services ordered. Nor does she challenge the juvenile court's order to continue such services. Additionally, mother does not challenge the court's order that her daughter not be returned to her based on its finding that doing so would be detrimental to the child's safety, protection, physical or emotional well-being. Mother does not contest the court's finding of detriment, nor does she contend that her daughter should have been returned to her at the six-month review hearing. Indeed, our conclusion would be different if the court had found that the child's return to mother would be detrimental to her because mother had not availed herself of services provided when mother contended that the Department had failed to provide her with reasonable services. In that event, the juvenile court's order that the minor not be returned to mother would be premised on its finding that reasonable services had been provided, and a direct appeal from that order would be appropriate and necessary to address the issue. (See § 395; *In re Cicely L., supra,* 28 Cal.App.4th at p. 1705 [orders made at six- and 12-month review hearings are immediately appealable].)

Had mother contended that the juvenile court took some adverse action against her on the basis of its reasonable services finding, this case would be similar to *Steve J. v. Superior Court, supra,* 35 Cal.App.4th at pages 811–812, where the reviewing court held that the father's failure to appeal from the order made at the six-month review hearing, which contained findings that reasonable services had been provided and that the father's failure to partici-pate in the services was prima facie evidence that return of the child to the father would be detrimental, precluded later review of the order on a petition for extraordinary writ. Where the two findings of reasonable services and detriment are intertwined, we agree that any challenge to those findings would be waived by the parent's failure to timely appeal the six-month review order which contained those findings. The cases relied on by mother, where courts addressed reasonable services findings on appeal, likewise involved challenges to interrelated findings that resulted in some negative consequence to the parent. (See *In re Julie M.* (1999) 69 Cal.App.4th 41, 45–48 [81 Cal.Rptr.2d 354] [mother challenged reasonable services finding in the context of an appeal from the order made at the six-month review hearing that mother had not made satisfactory progress and that this lack of progress required strictly limited visitation with the children]; *In re Kristin W.* (1990) 222 Cal.App.3d 234, 248 [271 Cal.Rptr. 629] [mother challenged sufficiency

of reunification services on appeal in the context of additional claims that the reunification plan itself was inadequate and that the court failed to exercise its jurisdiction concerning visitation].)

Nor are we persuaded that *In re Alvin R.* (2003) 108 Cal.App.4th 962 [134 Cal.Rptr.2d 210] requires us to hold that the reasonable services finding here is appealable. In that case, after the father pled no contest to a petition alleging he had abused his son Alvin, the juvenile court ordered the father and son to participate in conjoint counseling after Alvin completed eight sessions of individual counseling. The court also ordered the father to participate in individual counseling and a parent education class. (*Id.* at pp. 966–967.) Alvin did not wish to visit his father, and both the court and social worker recognized that visitation would probably not take place without conjoint therapy. But there was a five-month delay before Alvin's individual counseling began. (*Id.* at pp. 971–972.) At the six-month review hearing, the court found that returning Alvin to his father would create a substantial risk of detriment to Alvin's physical or emotional well-being. The court also found that the father had complied with his case plan and that reasonable reunification efforts had been made because any delay in commencing Alvin's counseling was caused by the caretaker's scheduling and transportation difficulties. The court ordered six additional months of services and set a 12-month review hearing. (*Id.* at pp. 970–972.)

The father appealed the order made at the six-month review hearing and specifically challenged both the findings that reasonable reunification services had been provided and that returning Alvin to him would create a substantial risk of detriment. The appellate court held that no substantial evidence supported the finding that reasonable reunification services were offered and vacated that finding, but otherwise affirmed the six-month review order. (*In re Alvin R., supra*, 108 Cal.App.4th at p. 975.) Though the appellate court did not address appealability of the court's reasonable reunification services finding, we do not believe that such a discussion was necessary, given that the finding of whether reasonable services had been provided appears to have been intertwined with the finding of detriment. In affirming the juvenile court's finding that it would be detrimental to return Alvin to his father's custody, the appellate court expressly cited the issue of "[i]nsufficient counseling to address Alvin's emotional trauma" as one element of substantial evidence supporting the finding. (*Id.* at p. 974; see alsop. 975 [father's argument that despite the presence of additional evidence supporting a finding of detriment, that finding "should nevertheless be reversed in order to hold the Department accountable, because the absence of reasonable services to address visitation and Alvin's counseling needs have put him in a 'Catch 22' in which there will always be evidence of detriment"].) Thus, as in *Steve J.*, the *Alvin* court acknowledged the connection between the finding of detriment and the failure to provide reasonable services. Here, in contrast, the

reasonable services finding stands alone; it was not connected to the finding of detriment by the juvenile court.

Indeed, mother is challenging only the reasonable services finding. The juvenile court took no action adverse to mother on the basis of its specific finding that reasonable services had been provided to her. The court made no finding of detriment based on mother's participation or lack of participation in court-ordered services. To the contrary, the court found that mother was in compliance with the case plan and was complimentary of her progress. The order was favorable to mother: The court continued reunification services for another six months, gave the Department discretion to return the minor to mother within that time period and specifically found a substantial probability that the minor would be returned to mother within that time period.

■ Despite our conclusion that a reasonable services finding, by itself, is not appealable, we recognize that postdisposition orders in dependency proceedings are comprised of numerous findings and that many of those findings are premised on related findings which have been made during previous hearings. Generally, the findings made at each hearing—to the extent they are against a parent or legal guardian's interest in reunification—will form the basis of an adverse order which is immediately appealable. In certain circumstances though, as evidenced by the instant matter, it is possible that a finding which is not appealable now may later become part of the factual basis for a subsequent appealable order. But it is impermissible to challenge an earlier finding by way of an appeal from a subsequent order. For example, in *In re Cicely L., supra,* 28 Cal.App.4th 1697, the father sought to challenge the order terminating his parental rights on the ground that he was not afforded reasonable reunification services throughout the entire course of the proceedings. The court explained, however, that all findings relating to the reasonableness of reunification services offered were made at earlier hearings and that the orders resulting from those hearings were immediately appealable: "[Father's] time to appeal from these orders relating to reunification services has passed, and they have long since become final. 'If an order is appealable . . . and no timely appeal is taken therefrom, the issues determined by the order are res judicata.' [Citation.] [¶] 'An appeal from the most recent order entered in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed.' [Citations.]" (*Id.* at p. 1705; accord, *John F. v. Superior Court* (1996) 43 Cal.App.4th 400, ·404–405 [51 Cal.Rptr.2d 22]; *Steve J. v. Superior Court, supra,* 35 Cal.App.4th at p. 811; *In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563 [283 Cal.Rptr. 483].)

■ Thus, mother cannot appeal the reasonable services finding now, nor can she raise the issue by way of an appeal from any subsequent adverse order.

But we decline to leave mother without any means by which to challenge the juvenile court's finding. We therefore hold that a petition for writ of mandate is the appropriate method by which to challenge a finding made by a juvenile court at a review hearing which does not result in an appealable order. In this way, a parent or legal guardian will be afforded meaningful appellate review of a finding which may ultimately have a significant effect on the dependency proceedings. Moreover, sequential appeals and their accompanying delays will be avoided. (See, e.g., *In re Sade C.* (1996) 13 Cal.4th 952, 990 [55 Cal.Rptr.2d 771, 920 P.2d 716] [dependency proceedings " 'must be concluded as rapidly as is consistent with fairness . . . .' "].)

In this particular case, we believe it is consistent with these overriding goals to address mother's claims on the merits, and we will therefore exercise our discretion to treat her appeal as a petition for writ of mandate. (E.g., *In re Marriage of Doherty* (2002) 103 Cal.App.4th 895, 898 [126 Cal.Rptr.2d 919]; *In re Carina C.* (1990) 218 Cal.App.3d 617, 622 [267 Cal.Rptr. 205].)

2. *Substantial Evidence Supports the Juvenile Court's Finding That Reasonable Reunification Services Were Offered*

Mother contends the trial court's finding that the Department made reasonable efforts to provide reunification services is not supported by substantial evidence given the delay in the minor's individual counseling. We disagree.

As a preliminary matter, the Department argues that mother has waived the issue because she failed to raise it prior to the six-month hearing and therefore denied the Department the opportunity to immediately have the minor placed into individual counseling, a precondition to conjoint therapy. The Department points out that mother appeared weekly at its offices for visitation and that she was well aware that she was not yet in conjoint counseling with her daughter. But, as mother notes, the Department's argument is premised on the assumption that she should have known that her daughter was not in individual counseling. The dispositional order of January 27, 2003, provided that conjoint counseling would take place when the minor's therapist deemed it appropriate. In light of Department reports prior to the six-month hearing that steps were being taken to enroll the minor in counseling, mother could have reasonably assumed that her child was in counseling but that conjoint counseling had not yet been deemed appropriate. Furthermore, mother had been ordered by the court not to discuss placement or the facts of the case in the presence of the minor. Mother may therefore have been reluctant to inquire about counseling for fear of violating the order. Once her attorney learned at the six-month hearing that the minor had not begun individual counseling, he set the matter for a contested hearing.

A parent is "not required to complain about the lack of reunification services as a prerequisite to the department fulfilling its statutory obligations." (*Mark N. v. Superior Court* (1998) 60 Cal.App.4th 996, 1014 [70 Cal.Rptr.2d 603].) Under section 361.5, subdivision (a), whenever a minor is removed from the parent or guardian the juvenile court shall order the social worker to provide child welfare services to the child and the child's mother and statutorily presumed father or guardians. This statutory requirement fulfills the legislative goal of preserving the family whenever possible. (*In re Elizabeth R.* (1995) 35 Cal.App.4th 1774, 1787 [42 Cal.Rptr.2d 200].) Because it is the Department's obligation to provide family reunification services, we conclude that mother did not waive the issue here by failing to raise prior to the first six-month hearing that counseling services were not being provided.

When a finding that reunification services were adequate is challenged on appeal, we review it for substantial evidence. (*In re Alvin R., supra*, 108 Cal.App.4th 962, citing *Angela S. v. Superior Court* (1995) 36 Cal.App.4th 758, 762 [42 Cal.Rptr.2d 755].) " ' "In juvenile cases, as in other areas of the law, the power of an appellate court asked to assess the sufficiency of the evidence begins and ends with a determination as to whether or not there is any substantial evidence, whether or not contradicted, which will support the conclusion of the trier of fact." ' " (*In re Alvin R.*, at p. 971; *In re Rocco M.* (1991) 1 Cal.App.4th 814, 820 [2 Cal.Rptr.2d 429].) Even if there is no substantial conflict in the evidence, we must nevertheless draw all legitimate inferences in support of the findings of the juvenile court. (*Ibid.*)

Here, the Department provided the caretaker with counseling referrals in September 2002 when the minor first came to its attention. At the detention hearing the following month, the court ordered the minor to receive counseling. In an October 30, 2002 report, the social worker stated that she had spoken with the caretaker "at length regarding the importance of having the minor in counseling due to the association of behavior problems with molest victims." The caretaker indicated that she was enrolling the minor in her insurance program and would schedule an appointment for her. In December 2002, the social worker reported that the caretaker had placed the minor on a waiting list with the selected counseling center. Thereafter, at the jurisdiction/disposition hearing in January 2003, the court again ordered counseling for the minor to be followed by conjoint counseling for mother and daughter, and ordered the Department to assist in obtaining victim assistance funds so that the minor would not have to remain on a waiting list for counseling.

At the end of February, a new social worker was assigned to the case. He testified that he learned in late April or early May from the caretaker that the

minor had not yet started counseling because the counseling center needed a copy of the court's order, which the caretaker did not have and apparently did not know how to obtain. He then immediately faxed a copy of the order to the center. He followed up with phone calls and arranged for the minor's counseling to begin. By the time of the contested hearing in June 2003, the minor had had an intake session, and the social worker had arranged for conjoint therapy to take place the following month.

▇ From this record, it appears that the delay in the minor's receiving counseling was due in part to the caretaker's ignorance of how to proceed with the counseling process and in part to the Department's change of case social workers. Once the new social worker learned that the minor was not in counseling, he immediately took steps to arrange both the individual and the conjoint counseling. There may not have been such a lengthy delay if the caretaker had immediately asked the Department for assistance or if there had not been a change of assignment in social workers. Clearly, the delay in the minor's individual counseling rendered the services provided imperfect, but rarely will services be perfect. (*Elijah R. v. Superior Court* (1998) 66 Cal.App.4th 965, 969 [78 Cal.Rptr.2d 311].) "The standard is not whether the services provided were the best that might be provided in an ideal world, but whether the services were reasonable under the circumstances." (*In re Misako R.* (1991) 2 Cal.App.4th 538, 547 [3 Cal.Rptr.2d 217].) We conclude that substantial evidence supports the court's finding that the services provided were reasonable under the circumstances.

### DISPOSITION

The appeal is treated as a petition for writ of mandate and is denied.

Boren, P. J., and Nott, J., concurred.

Petitioner's petition for review by the Supreme Court was denied June 23, 2004.