Filed 3/14/16  In re Destiny G. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re DESTINY G., a Person Coming Under the Juvenile Court Law. | B265248 |
| | (Los Angeles County Super. Ct. No. CK72627) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| G.G., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry Truong, Juvenile Court Referee.  Dismissed.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Peter Ferrera, Principal Deputy County Counsel, and Navid Nakhjavani, Deputy County Counsel for Plaintiff and Respondent.

_____

In this dependency appeal concerning his daughter Destiny G., G.G.[1] appeals from the court's finding at the six-month review hearing that the Department of Children and Family Services provided him with reasonable services. We conclude that G.G.'s appeal has been rendered moot by subsequent events and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Seven-year-old Destiny G. came to the attention of DCFS in April 2014 when both her parents were incarcerated. DCFS detained Destiny G. in the home of her paternal grandparents and, on April 10, 2014, filed a petition under section 300 of the Welfare and Institutions Code.[2] In an amended petition filed in late April 2014, DCFS alleged that Destiny G. came within the jurisdiction of the juvenile court under section 300, subdivision (b), on the grounds that both her parents were incarcerated and illicit drug users who were incapable of providing regular care for her.

On May 15, 2014, the juvenile court determined that Destiny G. was a child within its jurisdiction under section 300, subdivision (b). G.G. was given reunification services. G.G. was ordered to complete a substance abuse program and to undergo parenting education and individual counseling.

The six-month status hearing under section 366.21, subdivision (e) was set for November 13, 2014. In advance of that hearing, DCFS produced a status review report for the juvenile court. In that report, DCFS advised the court that it had not provided any reunification services to G.G. DCFS explained that G.G. remained incarcerated and that the social worker had not been in contact with him. "It has been difficult to contact the father during his incarceration to discuss his court ordered programs," DCFS told the juvenile court. DCFS had mailed a letter to G.G. but had received no response. A social worker was said to be "in the process of trying to reach" G.G.'s counselor. DCFS also

---

[1]    As we are unable to determine which of the multiple spellings of Father's first name in the record is correct, we follow Father's counsel in referring to him as "G.G."

[2]    All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

acknowledged that an "in and out" request had not been submitted in a timely manner. DCFS requested that the court order further reunification services so that DCFS could "assess and provide [G.G.] appropriate family reunification services."

On November 13, 2014, the juvenile court continued the hearing until November 19 for G.G. to be given proper notice of the hearing and to be present in court. On November 19, 2014, the juvenile court confronted the same situation and continued the matter again. The court's minute order states, "This matter was continued from 11-13-14 for father to be transported to court and for proper notice to the father. [¶] The father is not present and notice is again not proper. [¶] The father is in fire camp and may not be able to be transported to court. [¶] The court requests that [specially appearing counsel Donna Bernstein] try to contact the father to obtain direction. [¶] The [section 366.21, subdivision (e)] hearing is continued to 12-15-14 to allow Ms. Bernstein to contact the father and for proper notice to be effectuated."

On December 23, 2014, the juvenile court continued the review hearing again because G.G. still had not been given proper notice. The court continued the matter to February 3, 2015, "in order for Ms. Bernstein and the Department to contact father and inquire as to his position on this case and to ask if he wants an attorney appointed for him."

It appears from the record that it was not until mid-January 2015 that DCFS took steps to locate G.G. On January 12, the social worker contacted the Los Angeles Sheriff's Department and learned that G.G. had been transferred to fire camp. Once DCFS located the correct fire camp, G.G. returned DCFS's telephone call promptly and asked to be present in court. He said the fire camp offered no classes or programs, but that once he was released in April 2015, he would meet with the social worker to be referred to his court-ordered programs.

On February 3, 2015, the trial court again continued the six-month review hearing. The court noted that G.G. wanted to appear in court, but that the court did not order transportation for review hearings. The court continued the hearing for DCFS and specially appearing counsel to find out if G.G. wanted counsel appointed for him.

3

On February 19, 2015, DCFS contacted G.G., who said that he did want an attorney. The court then continued the six-month review hearing again on February 25, 2015, to permit counsel to contact G.G.

On March 12, 2015, 11 months after the filing of the initial petition, the six-month review hearing was finally held. The juvenile court found that DCFS had provided reasonable services; that return of Destiny G. to the home would create a substantial risk of detriment to her; and that reunification services should continue for G.G. The court found G.G.'s progress "partial." At this six-month review hearing, the juvenile court set the 12-month review hearing for May 15, 2015. G.G. appeals from the court's finding that reasonable services were provided.

The dependency proceedings continued after the filing of this appeal.[3] On May 15, 2015, the juvenile court continued the 12-month review hearing because G.G. had not been given proper notice of the hearing. On June 19, 2015, the court continued the hearing until August 19, 2015, and set it as a contested hearing.

On August 19, 2015, the court held the contested 12-month review hearing. The court found again that DCFS had provided reasonable services. The court also found that "father has contacted and visited with the child, that he has made progress in resolving the problems that led to the child's removal from the home, and that he has demonstrated the capacity and ability both to complete the objectives of the treatment plan and to provide for the child's safety, protection, physical and emotional well being. The court finds that there is a substantial probability that the child will be returned to the custody of the father within the next period of review and continues reunification services to the father."

---

**3** We previously granted DCFS's request for judicial notice of the minute orders from hearings held on August 19, 2015, and October 5, 2015. We also take judicial notice of the minute orders from hearings dated May 15, 2015, May 21, 2015, June 19, 2015, June 25, 2015, August 12, 2015, September 18, 2015, December 7, 2015, January 8, 2016, and February 5, 2016, pursuant to Evidence Code sections 452 and 459.

4

The 18-month review hearing was held on December 7, 2015. G.G. did not appear. The minute order from the hearing reads, "The matter is on calendar for a contested [366.]22 review hearing as to the father. [¶] The contest is withdrawn." The juvenile court found that G.G. had made minimal progress within the period of review toward alleviating or mitigating the causes necessitating Destiny G.'s removal from the home. Finding that DCFS had provided reasonable services and that there existed no substantial probability that Destiny G. could be returned to her parents' physical custody in the next six months, the court terminated reunification services for G.G. and identified placement with Destiny G.'s paternal grandparents as the permanent plan. The court set the selection and implementation hearing under section 366.26 for April 5, 2016.

**DISCUSSION**

On appeal, G.G. challenges the juvenile court's finding at the six-month review hearing that DCFS provided reasonable reunification services. County Counsel contends that the finding is not appealable because G.G. challenges that finding in isolation and cannot show he was aggrieved by the juvenile court's six-month review order. The primary cases concerning the appealability of reasonable services findings at dependency review hearings are *Melinda K. v. Superior Court* (2004) 116 Cal.App.4th 1147 and *In re T.G.* (2010) 188 Cal.App.4th 687. Read together, these cases stand for the principle that reasonable services findings made at dependency review hearings are subject to appellate review either by direct appeal, as in *In re T.G.*, or by exercising discretion to treat the appeal as a petition for writ of mandate, as in *Melinda K*. (*Melinda K.*, at pp. 1153, 1156-1157; *In re T.G.*, at pp. 695-696.)

Whether it would be reviewed as an appeal or as a petition for a writ of mandate, however, G.G.'s challenge to the finding of reasonable services has been rendered moot by subsequent events. At the 18-month review hearing, G.G. withdrew his scheduled contest, and the juvenile court found that he had made minimal progress toward addressing the issues that caused the dependency. The court terminated reunification services and set a date for the section 366.26 selection and implementation hearing. G.G.

5

did not seek review of the order terminating reunification services, nor did he file a petition for extraordinary writ to challenge the court's order setting the section 366.26 hearing.  (§ 366.26, subd. (*l*)(1).)

Under these circumstances, although there was no substantial evidence to support the finding at the six-month hearing that reasonable services had been provided because DCFS had provided no reunification services to him, a review of the sufficiency of the evidence to support a factual finding made at the six-month review hearing would be an academic exercise that could yield no relief for G.G.  G.G.'s counsel argues that the matter is not moot because reversal of this finding "can allow father a meaningful chance to reunify with Destiny" G., but that is not the case, as reunification services were terminated after G.G. withdrew his contest at the 18-month hearing, and he chose not to seek appellate review of that order.  "When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.)

## DISPOSITION

The appeal is dismissed as moot.

ZELON, J.

We concur:

PERLUSS, P. J.

BLUMENFELD, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.