Filed 10/28/25  In re E.T. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re E.T. et al., Persons Coming Under the Juvenile Court Law. | |
| YOLO COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> K.P., <br><br> Defendant and Appellant. | C103282 <br><br> (Super. Ct. Nos. JV202300031, JV20240027) |

Appellant K.P., mother of minors E.T. and P.T., appeals from the juvenile court's orders terminating parental rights and freeing the minors for adoption.  (Welf. & Inst. Code,[1] §§ 366.26, 388, 395.)  Mother raises various claims of error -- most of which, as respondent Yolo County Department of Employment and Social Services (Department) points out, are not properly before us in the instant appeal.

Mother first contends the juvenile court erred in failing to return the minors to her care and continuing jurisdiction under section 364.  Mother also contends the juvenile

---

[1]     Further undesignated statutory references are to the Welfare and Institutions Code.

1

court erred in bypassing her for reunification services at disposition and in denying her earlier-filed petition for modification. Finally, with respect to the orders from which this appeal was taken, mother contends the juvenile court erred in failing to find she had established the beneficial parental relationship exception to adoption. We shall affirm the juvenile court's orders.

FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2023, minor E.T. (born August 2021) was placed in protective custody when her younger sibling, M.T. (born October 2022) was brought to the hospital after she reportedly stopped breathing and went into cardiac arrest. The parents reported they did not live together, although father reported he slept over at mother's home periodically for a few days at a time. Mother was the primary caregiver, and father reportedly watched the children alone only while mother ran errands. Both parents were in the home when M.T. went into cardiac arrest. M.T. was subsequently diagnosed with acute abusive (nonaccidental) head trauma and had various injuries, including 19 fractured ribs in various stages of healing, which were likely sustained during three or four separate incidents. M.T. remained in a nonmedically induced coma, experiencing multiple organ failures, until she ultimately died after being removed from life support.

The Department filed a section 300 petition on behalf of E.T. based on the risk of physical abuse in light of the severe physical abuse suffered by her sibling, M.T. The juvenile court sustained the petition under section 300, subdivisions (a), (b), (f), and (j). The parents were provided supervised visitation for six hours, weekly, which they attended together.

The contested disposition hearing did not conclude until September 1, 2023. The juvenile court bypassed parents for reunification services pursuant to section 361.5, subdivision (b)(4), which applies when the juvenile court has found by clear and convincing evidence that "the parent . . . has caused the death of another child through abuse or neglect." The juvenile court set a section 366.26 selection and implementation

2

hearing and reduced parents' visitation to every other week for three hours.  Mother filed a timely notice of intent to file writ petition but did not file a petition and the matter was closed.[2]

In February 2024, before the section 366.26 hearing in E.T.'s case, minor P.T. was born.  The Department filed a section 300 petition on behalf of P.T., alleging she was at risk based on the severe physical abuse, resulting in death, of sibling M.T.  P.T. was detained and placed in the same resource approved home as E.T.

Although mother had been denied reunification services in E.T.'s case, she had been engaging in services, including parenting education and CPR training.  Before P.T.'s jurisdiction hearing and E.T.'s section 366.26 hearing, mother filed a section 388 petition for modification, seeking return of the minors to her care and custody or, alternatively, court-ordered reunification services.  On March 22, 2024, the juvenile court denied mother's petition, finding there had been no change in circumstances.  Also at this time, the minors were moved to a placement with the paternal grandmother.

P.T.'s jurisdiction hearing took place on April 24, 2024.  The juvenile court sustained the petition under section 300, subdivisions (a), (b), (f), and (j).  The disposition hearing for P.T. took place on July 1, 2024.  The juvenile court bypassed the parents for reunification services pursuant to section 361.5, subdivision (b)(4), set a section 366.26 selection and implementation hearing, and reduced mother's visitation to three hours every other week (coinciding with the visitation schedule for E.T.).  Father's visitation had been suspended a few weeks earlier due to his erratic behavior.

---

[2]    We take judicial notice on our own motion of our order dismissing the writ proceedings in *K.P. v. Superior Court* (Dec. 26, 2023, C099395).  (Evid. Code, § 452, subd. (d).)

The section 366.26 hearing for both E.T. and P.T. took place on February 7, 2025. The juvenile court found the minors were likely to be adopted and, finding no exception to adoption applied, terminated parental rights.

On March 7, 2025, mother filed a notice of appeal from the February 7, 2025, order. The matter was fully briefed in this court on August 8, 2025.

DISCUSSION

I.

RIGHT TO CUSTODY

Mother begins by making a general claim that the juvenile court violated her "basic" right to retain custody of her children. Citing *In re Kieshia E.* (1993) 6 Cal.4th 68, 76, she complains her relationship with the minors may be disturbed only "for strong reasons and subject to careful procedures." In this regard, mother simply argues (without citation to the record)[3] that she fully participated in and completed the predisposition services provided and had a strong bond with the minors.

"The mere assertion of a statutory or constitutional violation, followed by simply a citation to the statute or constitutional provision, does not merit a judicial response." (*Woods v. Horton* (2008) 167 Cal.App.4th 658, 677.) Because mother does not identify the specific legal error the juvenile court allegedly committed, nor support her contention with a reasoned legal analysis, with citations to authority and the relevant portions of the appellate record, explaining how and why reversal is required, we need not address this complaint further.

---

**3**      Citations to the record must be provided in the relevant argument section of the briefs. It is not sufficient to provide citations to the record only in the statement of facts. (See *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.) Mother's opening brief is flawed throughout in this regard.

4

In any event, her assignment of error in this regard is the failure to return the minors to her care. This appeal, however, is from orders made at the section 366.26 hearing terminating parental rights. The only issues for the court to decide at that hearing are which permanent plan is most appropriate for the minors and whether, if termination of parental rights and adoption is selected, there is any exception to the preference for adoption. (§ 366.26, subds. (b), (c); see also *In re Marilyn H.* (1993) 5 Cal.4th 295, 304.) Return of the minors to the parent is not at issue.

We turn our attention now to the various contentions mother has specifically identified.

## II.

## CONTINUATION OF JURISDICTION UNDER SECTION 364

Citing section 364, mother contends the juvenile court erred by not returning the minors to her custody and terminating dependency jurisdiction. Mother's contention of error is misguided, as section 364 was inapplicable to these proceedings.

When dependency is established without removing a minor from parental care, the juvenile court can order family maintenance services to ameliorate the conditions causing the child to be subject to the court's jurisdiction. After the child is declared a dependent, the juvenile court must review the status of the child every six months. Under section 364, subdivision (c), the juvenile court must terminate dependency jurisdiction unless it is established by a preponderance of the evidence that the conditions justifying assumption of jurisdiction exist or will exist if supervision is withdrawn. (*In re Armando L.* (2016) 1 Cal.App.5th 606, 614-615.) Section 364 provides the standard when the child under the supervision of the juvenile court is *not* removed from the physical custody of the parent or guardian. Section 364 also applies in cases where a child has been removed from the physical custody of a parent but is later returned. (*In re Armando L.*, at p. 614.)

Here, the minors were removed from parental custody at disposition and were *not* later returned. The subject hearing from which this appeal was taken was *not* a

section 364 review hearing -- it was a section 366.26 hearing at which, as we have previously stated, return of the minors was not at issue.  (See *In re Marilyn H.*, *supra*, 5 Cal.4th at p. 304.)

## III.

## BYPASS AT DISPOSITION

Mother also contends the juvenile court erred in bypassing her for reunification services at disposition.  This claim is not properly before us in this appeal.

"An order denying reunification services and setting the section 366.26 hearing is not an appealable order; it can be reviewed only by a writ petition.  (*In re Athena P.* (2002) 103 Cal.App.4th 617, 624-625.)  The failure to take a writ from a nonappealable dispositional order forfeits any challenge to that order[.]  [However, an] except[ion] [exists] if the juvenile court fails to advise a parent of the writ petition requirement.  In that case, the parent generally has good cause to be relieved of the requirement.  (*Id.* at p. 625.)"  (*In re J.R.* (2019) 42 Cal.App.5th 513, 525.)

Here, mother was advised of the writ petition requirement at disposition and, in fact, filed a notice of intent to file a writ petition.  The record was prepared and, on December 11, 2023, mother was notified that, pursuant to rule 8.452 of the California Rules of Court, any petition for extraordinary writ must be served and filed on or before December 21, 2023, or the case would be closed.  Mother did not present a petition for filing within the time specified and the case was closed.  Accordingly, mother is precluded from raising any challenge to the dispositional order which bypassed her for reunification services.  (§ 366.26, subd. (l)(2).)

## IV.

## DENIAL OF PETITION FOR MODIFICATION

Mother also contends the juvenile court erred in denying her March 11, 2024, section 388 petition for modification which sought placement of the minors in her care.  As with mother's previous claim, this contention is not properly before us in this appeal.

Section 395 provides in relevant part:  "A judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment."  (§ 395, subd. (a)(1).)  A consequence of section 395 is that an unappealed postdisposition order is final and binding and may not be attacked on an appeal from a later appealable order.  (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1150; see also *In re Janee J.* (1999) 74 Cal.App.4th 198, 206.)  " '[A]n appellate court in a dependency proceeding may not inquire into the merits of a prior final appealable order on an appeal from a later appealable order.' "  (*Janee J.*, at p. 206.)  "Permitting a parent to raise issues going to the validity of a final earlier appealable order would directly undermine dominant concerns of finality and reasonable expedition."  (*Janee J.*, at p. 207.)

Here, the juvenile court's March 22, 2024, order denying a hearing on mother's section 388 petition was an appealable order.  Mother did not timely appeal that order and it became final and binding.  Mother's February 27, 2025, appeal from the orders terminating parental rights cannot challenge the now final prior order for which the statutory time for filing an appeal has passed.  (*In re Daniel K.* (1998) 61 Cal.App.4th 661, 667; *Melinda K. v. Superior Court* (2004) 116 Cal.App.4th 1147, 1156.)  Thus, mother has forfeited her contention that the juvenile court erred in denying her section 388 petition for modification.

V.

BENEFICIAL PARENTAL RELATIONSHIP EXCEPTION

Finally, mother contends the juvenile court erred in failing to find she had established the beneficial parental relationship exception to adoption.  While this claim is properly before us in the instant appeal, we conclude it lacks merit.

At the section 366.26 permanent plan review hearing, a juvenile court must choose one of the several " 'possible alternative permanent plans for a minor child. . . . *The permanent plan preferred by the Legislature is adoption*.  [Citation.]' [Citations.]  If the

court finds the child is adoptable, it *must* terminate parental rights absent circumstances under which it would be detrimental to the child." (*In re Ronell A.* (1996) 44 Cal.App.4th 1352, 1368.) There are limited circumstances that permit the court to find a "compelling reason for determining that termination [of parental rights] would be detrimental to the child." (§ 366.26, subd. (c)(1)(B).) One such circumstance is the beneficial parental relationship exception, which applies when "[t]he parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship." (*Id.*, subd. (c)(1)(B)(i); *In re Caden C.* (2021) 11 Cal.5th 614, 629.)

The party claiming the exception has the burden of establishing the existence of any circumstances that constitute an exception to termination of parental rights. (*In re Caden C.*, *supra*, 11 Cal.5th at pp. 636-637; *In re Melvin A.* (2000) 82 Cal.App.4th 1243, 1252; Cal. Rules of Court, rule 5.725(d)(2).) For the beneficial parental relationship exception to apply, "[t]he parent must show regular visitation and contact with the child, taking into account the extent of visitation permitted. Moreover, the parent must show that the child has a substantial, positive, emotional attachment to the parent—the kind of attachment implying that the child would benefit from continuing the relationship. And the parent must show that terminating that attachment would be detrimental to the child even when balanced against the countervailing benefit of a new, adoptive home." (*Caden C.*, at p. 636.)

The beneficial parental relationship exception to adoption "must be examined on a case-by-case basis, taking into account the many variables which affect a parent/child bond. The age of the child, the portion of the child's life spent in the parent's custody, the 'positive' or 'negative' effect of interaction between parent and child, and the child's particular needs are some of the variables which logically affect a parent/child bond." (*In re Autumn H.* (1994) 27 Cal.App.4th 567, 575-576.) The factual predicates of the exception must be supported by substantial evidence, but the juvenile court exercises its discretion in weighing that evidence and determining detriment. (*In re Caden C.*, *supra*,

11 Cal.5th at pp. 639-640.) We do not substitute our judgment for that of the juvenile court as to what is in the child's best interests. (*Id*. at pp. 640-641.)

Here, the juvenile court determined, and the parties agree, that mother established the first element of the beneficial parental relationship exception -- regular visitation. We, therefore, need not further discuss that element.

As to the second element, the juvenile court gave mother "the benefit of the doubt" to find she had demonstrated E.T. had "a substantial, positive, emotional" attachment to her, such that she "would benefit from continuing the relationship." (*In re Caden C.*, *supra*, 11 Cal.5th at p. 636; see *In re Katherine J.* (2022) 75 Cal.App.5th 303, 316-317; *In re J.D.* (2021) 70 Cal.App.5th 833, 852.) While the juvenile court found mother had *not* made that showing with respect to P.T., it proceeded to consider the third element as to both minors, so we focus our attention on the third element of the exception.

While mother had positive visits with the minors, there was no evidence either minor was having difficulty adjusting to their placement, to the reductions in the visitation schedule, or to parting from mother at the end of visits. The minors were, by all accounts, doing well in their placement with the paternal grandmother, who was designated the prospective adoptive parent. The adoption assessments for both minors included the observation that the minors had a stable, strong, and loving bond with the paternal grandmother, who was providing for their needs, including E.T.'s special needs. Both minors were very young (ages one and three) and had spent limited time in the parents' custody. The adoption assessments noted the minors were at "critical" ages for establishing strong parent-child relationships but, having been detained at birth, P.T.'s contact with the parents had been too limited to build such a relationship. Similarly, E.T.'s young age and detention from the parents back in January 2023 had resulted in the failure to maintain that relationship.

9

Presented with this evidence, the juvenile court could reasonably find that foregoing stability and permanence in favor of a tenuous placement to provide an opportunity for continued contact with mother would not be in the best interests of these very young minors. There was no error in finding the beneficial parental relationship exception did not apply.

DISPOSITION

The juvenile courts orders (terminating parental rights) are affirmed.


 /s/
WISEMAN, J.*



We concur:



 /s/
HULL, Acting P. J.



 /s/
KRAUSE, J.



---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.